UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMBISHA SHOSHONE TRIBE, | No. 2:08-cv-03060-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DIRK A. KEMPTHORNE, SECRETARY OF THE UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | |
| Defendants. | |

----oo0oo----

Presently before the Court is Plaintiff's Ex Parte Application for Temporary Restraining Order and Preliminary Injunction.  Certain prerequisites must be satisfied prior to issuance of a temporary restraining order.[1]  The Ninth Circuit recognizes two standards for issuing injunctive relief.

///

---

[1] See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is to "preserve the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer."

1

1  Under the so-called "traditional" standard, a TRO may be had if
2  the court determines that (1) the moving party will suffer
3  irreparable injury if the relief is denied; (2) there is a strong
4  likelihood that the moving party will prevail on the merits at
5  trial; (3) the balance of potential harm favors the moving party;
6  and (4) the public interest favors granting relief.
7  <u>International Jensen, Inc. v. Metrosound U.S.A.</u>, 4 F.3d 819, 822
8  (9th Cir. 1993).  Under the "alternative" standard, a TRO
9  properly issues when a party demonstrates either: (1) a
10 combination of probable success on the merits and the possibility
11 of irreparable injury if relief is not granted; or (2) the
12 existence of serious questions going to the merits combined with
13 a balancing of hardships tipping sharply in favor of the moving
14 party.  <u>Id</u>.  The requirement for showing a likelihood of
15 irreparable harm increases or decreases in inverse correlation to
16 the probability of success on the merits, with these factors
17 representing two points on a sliding scale.  <u>United States v.</u>
18 <u>Nutri-cology, Inc.</u>, 982 F.2d 394, 397 (9th Cir. 1985).

19      No matter which test is used, however, Plaintiff must first
20 demonstrate a significant threat of irreparable injury in order
21 to obtain preliminary injunctive relief.  <u>Simula, Inc. v.</u>
22 <u>Autoliv, Inc.</u>, 175 F.3d 716, 725 (9th Cir. 1999).  That threat
23 must be imminent (<u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844
24 F.2d 668, 674 (9th Cir. 1988); a risk of irreparable harm in the
25 indefinite future is not enough.  <u>Midgett v. Tri-County Metro.</u>
26 <u>Transp. Dist. of Oregon</u>, 254 F.3d 846, 850-51 (9th Cir. 2001).
27 ///
28 ///

1    The Court has reviewed Plaintiff's Ex Parte Application for
2 Temporary Restraining Order.  Plaintiff has failed to show the
3 irreparable harm necessary to obtain immediate equitable relief
4 and additionally, adequate remedies exist at law. The parties are
5 also able to appeal the BIA decision to the Interior Board of
6 Indian Appeal. Moreover, if the Court were to grant the requested
7 temporary relief, the Court would be deciding an ultimate issue
8 in the case which should not be done on an expedited and ex parte
9 basis.  Thus, Plaintiff's Ex Parte Application for Temporary
10 Restraining Order is DENIED.  As per the Court's December 22,
11 2008, minute order, hearing on Plaintiff's Application for
12 Preliminary Injunction has been scheduled at 4:00 p.m. on Monday,
13 January 5, 2009.  Any Opposition is to be filed no later than
14 4:00 p.m. on Monday, December 29, 2008, and any reply is to be
15 filed no later than 12:00 p.m. on Wednesday, December 31, 2008.
16    IT IS SO ORDERED.

 Dated: December 23, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3